**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND PADILLA, | No. 12-15031 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00442-RAM |
| v. | |
| DEBRA BROOKS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert A. McQuaid, Magistrate Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Nevada state prisoner Raymond Padilla appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging various constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations in connection with sanctions imposed for refusing to be double-celled and with his placement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We affirm.

The district court properly dismissed Padilla's claims based on his placement in administrative segregation and his claims against defendants Chambliss, Gibbons, Peltzer, Skolnik, and Doe defendants 1-2 because Padilla failed to allege sufficient facts linking defendants to the alleged constitutional violations. *See Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc) (discussing the causation requirement of a 42 U.S.C. § 1983 claim); *Starr*, 652 F.3d at 1207-08 (explaining the requirements for establishing supervisory liability).

The district court properly dismissed Padilla's claims against the State of Nevada and its agencies, and his claims for damages against individual defendants in their official capacities, as barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (states, state agencies, and state officials sued for damages in their official capacities are entitled to Eleventh Amendment immunity).

The district court did not abuse its discretion in denying Padilla's motions for reconsideration because Padilla failed to establish a basis warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**